UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
LXA AVIATION LEASING 3 LTD.,                :
                                            :
                           Petitioner,      :    **ORDER AND OPINION**
                                            :    **GRANTING MOTION TO**
         -against-                          :    **CONFIRM ARBITRATION**
                                            :    **AWARD**
                                            :
                                            :    24 Civ. 4080 (AKH)
HONEYWELL AEROSPACE TRADING, INC.,          :
                                            :
                           Respondent.      :
                                            :
                                            :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

### Background

Petitioner LXA Aviation Leasing 3 Ltd. ("LXA") petitions this Court to confirm an arbitration award entered against respondent Honeywell Aerospace Trading, Inc. ("Honeywell"). LXA, a subsidiary of Logix, is a Dublin-based company that provides financing for short and long-term rentals of aircraft engines and auxiliary power airplane units ("APUs"). APUs are gas turbines that provide autonomous power for various airplane functions. Honeywell is a producer and seller of aerospace products, among them APUs.

In February 2020, the parties contracted for the sale of seven APUs for use in commercial aircrafts. The contract required, among other things, that the APUs be "zero timed," which requires specialized inspection of gas paths to ensure no microscopic deformities exist, and that all APUs have incorporated service bulletins, also known as being "embodied." Upon delivery of the APUs, LXA contested their quality, asserting that Honeywell had not overhauled the units to zero time them prior to the sale, nor had the service bulletins been embodied. *See* ECF No. 1.

The contract stipulated that all disputes arising from the sale of the units must be arbitrated. This arbitration clause also provided that "judgment upon [any] award rendered by

1

the arbitrator may be entered by any court having jurisdiction thereof." ECF No. 1, Ex. 1 at 4. In adherence with the contract, LXA commenced arbitration in June 2021. On June 30, 2023, the arbitration Tribunal issued its unanimous Partial Final Award in favor of LXA, granting its claim for damages in the principal amount of $419,000 as well as issuing an order that Honeywell "is directed to arrange for all [service bulletins] that were not embodied in the APUs to be embodied, at Honeywell's expense and at the earliest convenience of LXA, upon no less than 30 days prior notice to Honeywell by LXA." ECF No. 1, Ex. 2 at 28. On August 7, 2023, the Tribunal issued its final award, denying LXA's motion for attorney's fees, arbitral fees, and interest. ECF No. 1, Ex. 3.

At the time of the filing of the petition before me, Honeywell has fulfilled its monetary obligation of $419,000 to LXA in full. *See* ECF No. 15, Exhibit C. The requirement that the APUs be embodied, as instructed by the Tribunal, has not been met yet, which Honeywell attributes to the fact that LXA has failed to give them thirty days' written notice requesting the embodying. LXA now moves for confirmation of the Partial Final and Final Awards under 9 U.S.C. §§ 207 & 9.

**Discussion**

Under the Federal Arbitration Act, parties to an arbitration may apply to a federal court having jurisdiction to confirm the arbitration award. 9 U.S.C. § 207. The parties' agreement may specify a court for confirmation, thereby granting that court jurisdiction to confirm an award; if no such designation is made, then an application for confirmation may be made to the United States court in and for the district within which the award was made. 9 U.S.C. § 9. The FAA's confirmation provisions do not relieve federal courts from the obligations of Article III, though. Thus, petitions seeking confirmation of an arbitration award must still present a live controversy in order to be justiciable. Here, the parties designated New York as the place of

2

arbitration, and the arbitration took place in New York City, rendering this Court the appropriate venue for a confirmation petition.

Honeywell contends that there is no Article III case or controversy in LXA's petition, as it has already fulfilled the financial aspect of the Tribunal's awards. Accordingly, it asserts that this Court lacks jurisdiction to confirm LXA's arbitration award. *See* ECF No. 16. As support for this argument, Honeywell cites *Stafford v. International Business Machines Corporation*, where the Second Circuit reviewed this Court's confirmation of an arbitration award against IBM for age discrimination. 78 F.4th 62, 69 (2d Cir. 2023). There, IBM made all payments required by the award, and otherwise "fully satisfied all the terms of the Final Award" at the time that Stafford moved for confirmation. *Id.* at 66 (internal citations omitted). Because there was "no longer any issue over payment or ongoing compliance with [the] award," the Second Circuit held that Stafford's petition was moot and could not be confirmed. *Id.* at 68.

Those facts differ from the case at bar. Here, an entire aspect of the arbitration award, which reflects one of the alleged breaches of the contract of sale—the failure to embody the APUs—has yet to be completed. This leaves LXA not only without fulfillment of the arbitration award, but also without remedy for one of the harms that triggered arbitration in the first instance. This outstanding task presents a continuing, live controversy between the parties and prevents LXA's confirmation petition from becoming moot. Thus, *Stafford* is not a bar to confirmation.

Honeywell additionally argues that its compliance with the financial aspect of the award and its continued assurances to LXA that it will comply with the embodiment requirement should be sufficient to demonstrate future compliance. But prior compliance is not a ground for refusal to confirm an arbitration award where outstanding tasks remain. *See Zeiler v. Deitsch*, 500 F.3d 157 (2d Cir. 2007). Honeywell's compliance with one condition of the arbitration

3

award does not guarantee it will comply with the other, nor does it diminish LXA's statutory right to confirmation from this Court.

## Conclusion

Honeywell's failure to embody the APUs, despite LXA's obligation, presents a live controversy between the parties. Accordingly, I have jurisdiction to confirm this award, and I do so.

The Clerk shall enter judgment in favor of LXA, confirming the arbitration Tribunal's Partial Final and Second Final Awards dated June 30, 2023, and August 7, 2023 granting (1) a claim for damages in the principal amount of $419,000; (2) directing Honeywell to arrange for the embodiment of all unembodied service bulletins with thirty days' notice to LXA; and (3) declining the payment of interest, attorney's fees, and arbitral fees to either side. The Clerk of Court shall terminate ECF No. 1 and mark the case closed.

SO ORDERED.

Dated:  September 25, 2024
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4